The New York State Board of Examiners of Sex Offenders (hereinafter the Board) prepared a Risk Assessment Instrument (hereinafter the RAI) for the defendant which assessed points for various risk factors and rendered a total score which placed the defendant in presumptive risk level two under the Sex Offender Registration Act (hereinafter SORA) (see generally People v Johnson, 11 NY3d 416, 421 [2008]; People v Wyatt, 89 AD3d *838 112, 117-119 [2011]; Correction Law § 168-n [2], [3]). At the SORA risk level determination hearing, the County Court determined that the People established by clear and convincing evidence the facts in support of six risk factors for a point total of 100, within presumptive risk level two, and further departed upward to risk level three upon the application of the People and the Board’s recommendation.
The defendant contends that the County Court erred in assessing points for three of the six risk factors under which he was assessed points in the RAI. On an appeal from a risk level determination proceeding, where, as here, a sex offender disputes the points assessed under one or more risk factors, this Court must determine whether the People met their burden of establishing the facts in support of the determination by clear and convincing evidence (see People v Wyatt, 89 AD3d at 118).
The People met that burden here with evidence including the plea and sentencing minutes, the presentence report, psychiatric reports, the complainant’s medical records, and the Board’s case summary. The evidence established clearly and convincingly that the defendant inflicted physical injury on the victim, which supported the assessment of 15 points under risk factor 1 (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006] [hereinafter the Guidelines or Commentary]; Penal Law § 10.00 [9]; People v Chiddick, 8 NY3d 445, 447 [2007]; People v Monserrate, 90 AD3d 785, 787 [2011]), that the victim was asleep at the beginning of the sexual assault and, thus, physically helpless, which supported the assessment of 20 points under risk factor 6 (see Commentary at 11; Penal Law § 130.00 [7]; People v Duff, 96 AD3d 1031 [2012], lv denied 19 NY3d 810 [2012]; People v Howell, 82 AD3d 857 [2011]), and that the defendant had a histoiy of drug abuse, which supported the assessment of 15 points under risk factor 11 (see People v Crandall, 90 AD3d 628, 629-630 [2011]).
The defendant further contends that the County Court erred in granting the People’s application, upon the recommendation of the Board, for an upward departure to risk level three. A court may exercise its discretion and depart upward from the presumptive risk level where “it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines” (Commentary at 4). The aggravating factor “must tend to establish a higher likelihood of reoffense or danger to the community and be of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines” and “the People must prove the facts in support of the aggravating factor *839 by clear and convincing evidence” (People v Wyatt, 89 AD3d at 123; see Correction Law § 168-n [3]).
Contrary to the defendant’s contention, the People demonstrated by clear and convincing evidence the existence of an aggravating factor that was not adequately taken into account by the Guidelines with evidence that the defendant suffered from a serious mental illness of longstanding and continuing duration which must be controlled by prescribed medication, that he had committed the instant sexual offense when he had failed to take prescribed medication and had recently been released from an emergency psychiatric clinic, that he had a history of frequent noncompliance with taking his medication, that he had difficulty in finding an appropriate residential setting when not incarcerated, and that his behavior was unpredictable and violent when he was not medicated or supervised (see People v Bogert, 91 AD3d 925, 926 [2012]). Upon making this determination, the County Court providently exercised its discretion in adopting the Board’s recommendation and granting the People’s application for an upward departure (see People v Wyatt, 89 AD3d at 123). Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.