■ The People of the State of New York, Respondent, v Abasi Amin, Appellant. [9 NYS3d 158]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Guzman, J.), dated May 27, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A court may exercise its discretion and make an upward departure from the presumptive risk level where it concludes that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines (*see People v Richardson*, 101 AD3d 837, 838 [2012]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). " '[T]he People must prove the facts in support of the aggravating factor by clear and convincing evidence' " (*People v Richardson*, 101 AD3d at 838-839, quoting *People v Wyatt*, 89 AD3d 112, 123 [2011]).

Here, the Supreme Court properly determined that the defendant's concurrent offense, involving the attempted gunpoint abduction of a woman at a New Jersey mall, which he committed three weeks after he abducted another woman at a New Jersey mall at gunpoint and raped her, constituted an aggravating factor of a kind, or to a degree, that was otherwise not adequately taken into account by the SORA Guidelines (*see People v Vasquez*, 49 AD3d 1282 [2008]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 14 [2006]). Upon making that determination, and upon proof by clear and convincing evidence of the facts in support of that aggravating factor, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure (*see People v Henry*, 91 AD3d 927 [2012]; *People v Wyatt*, 89 AD3d at 123). Chambers, J.P., Hall, Cohen and Miller, JJ., concur.