■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ATREYU SCALES, Appellant. [20 NYS3d 652]—

Appeals by the defendant from (1) an order of the Supreme Court, Kings County (Murphy, J.), dated March 5, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C, and (2) an order of the same court, also dated March 5, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the orders are affirmed, without costs or disbursements.

The defendant contends that the first order appealed from should be reversed on the ground that he was entitled to a downward departure from the presumptive risk level. The de-

fendant contends that the second order appealed from should be reversed on the ground that the Supreme Court should not have granted the People's application for an upward departure from the presumptive risk level.

"Under [the Sex Offender Registration Act (hereinafter SORA)], a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (*People v Gillotti*, 23 NY3d 841, 861 [2014]). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (*id.* at 861; *see* SORA: Risk Assessment Guidelines and Commentary at 4 [2006]).

"At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (*People v Gillotti*, 23 NY3d at 861; *see* SORA: Risk Assessment Guidelines and Commentary at 4, 7). "[T]he People cannot obtain an upward departure pursuant to the guidelines unless they prove the existence of certain aggravating circumstances by clear and convincing evidence" (*People v Gillotti*, 23 NY3d at 862). By contrast, "a defendant must prove the existence of the mitigating circumstances upon which he or she relies in advocating for a departure by a mere preponderance of the evidence" (*id.* at 864).

"If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*id.* at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*id.*).

Here, as to the first order, the mitigating circumstances identified by the defendant were either adequately taken into account by the guidelines (*see People v Torres*, 124 AD3d 744, 745 [2015]; SORA: Risk Assessment Guidelines and Commentary at 13), or were not proved by a preponderance of the evidence (*see People v Jamison*, 127 AD3d 947 [2015]; *People v Collick*, 127 AD3d 830 [2015]; *cf. People v Modica*, 80 AD3d 590, 592 [2011]). Accordingly, contrary to the defendant's contention, he was not entitled to a downward departure from the presumptive risk level.

As to the second order, the defendant's contention that the

Supreme Court improperly granted the People's application for an upward departure is also without merit. The defendant's concurrent offense "constituted an aggravating factor of a kind, or to a degree, that was otherwise not adequately taken into account by the SORA Guidelines" (*People v Amin*, 128 AD3d 785, 786 [2015]; *see* SORA: Risk Assessment Guidelines and Commentary at 14; *see also People v Rotunno*, 117 AD3d 1019, 1019 [2014]). Furthermore, the People proved, by clear and convincing evidence, the facts in support of that aggravating factor (*see People v Gillotti*, 23 NY3d at 861-862). Under the circumstances, the court providently exercised its discretion in granting the People's application for an upward departure from the presumptive sex offender risk level (*see People v Amin*, 128 AD3d at 786; *People v Rotunno*, 117 AD3d at 1019).

The defendant makes no additional arguments in support of a reversal or modification of either of the two orders appealed from. Accordingly, those orders must be affirmed. Rivera, J.P., Leventhal, Miller and Duffy, JJ., concur.