■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN DIAZ, Appellant. [56 NYS3d 542]—Appeals by the defendant from (1) an order of the Supreme Court, Westchester County (Cacace, J.), entered May 17, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C under Superior Court Information No. 15-831, and (2) an order of the same court, also entered May 17, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C under superior court information No. 15-833.

Ordered that the orders are affirmed, without costs or disbursements.

The defendant contends that both orders appealed from should be reversed on the ground that the Supreme Court should not have granted the People's application for an upward departure from his presumptive risk level.

An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]; *see People v Gillotti*, 23 NY3d 841, 853 [2014]; *People v Sanderline*, 142 AD3d 1061, 1061 [2016]; *People v Manougian*, 132 AD3d 746, 746 [2015]). Here, contrary to the defendant's contention, the Supreme Court properly determined that the People presented clear and convincing evidence of an aggravating factor not adequately taken into account by the SORA Guidelines, namely, his commission of a concurrent offense (*see People v Scales*, 134 AD3d 790, 792 [2015]; *People v Amin*, 128 AD3d 785, 786 [2015]). Under the circumstances, the court providently exercised its discretion in granting the People's application for an upward departure (*see People v Gillotti*, 23 NY3d at 861). Accordingly, the defendant was properly designated a level three sex offender. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.