People v Arrunategui (2018 NY Slip Op 06044)





People v Arrunategui


2018 NY Slip Op 06044


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-10099

[*1]People of State of New York, respondent,
v
Joao Arrunategui, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Brandon Davis on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended order of the Supreme Court, Westchester County (Susan Cacace, J.), entered August 23, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the amended order is affirmed, without costs or disbursements.
After the defendant's conviction of a sex offense, he was assessed by the Board of Examiners of Sex Offenders to be a presumptive level one sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). After a hearing, the Supreme Court decided to upwardly depart from this presumptive risk level, and designated the defendant a level two sex offender, which designation the defendant challenges on appeal.
In support of their application for an upward departure, the People proved the existence of an aggravating factor by clear and convincing evidence (see generally People v Gillotti, 23 NY3d 841, 861). Specifically, the People demonstrated that the defendant engaged in substantially similar sexual misconduct less than two months after committing, and while out on bail for, the instant sex offense (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see also People v Celleri, 138 AD3d 708). Contrary to the defendant's contention, the Supreme Court's discretionary determination that the totality of the circumstances, including this aggravating factor, warranted a departure to avoid an underassessment of the defendant's risk of sexual recidivism was not an improvident exercise of discretion (see People v Celleri, 138 AD3d 708; People v Scales, 134 AD3d 790, 792; People v Amin, 128 AD3d 785, 786; see generally People v Gillotti, 23 NY3d at 861).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level two sex offender.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court