People v Davis (2018 NY Slip Op 07763)





People v Davis


2018 NY Slip Op 07763


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-07827

[*1]People of State of New York, respondent,
v
Larry Davis, appellant.


The Legal Aid Society, New York, NY (Adrienne Gantt of counsel; Rebecca Gendelman on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Suzanne M. Mondo, J.), dated August 11, 2015, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty to one count of rape in the first degree in connection with an incident where he raped a woman at gunpoint. In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court determined that the defendant was a presumptive level one sex offender. The People requested an upward departure to a risk level two designation based on a separate crime that the defendant had committed which was not taken into account on the risk assessment instrument. The court granted the People's application and designated the defendant a level two sex offender. The defendant appeals.
"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (People v Gillotti, 23 NY3d 841, 861). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [SORA] [G]uidelines" (People v Gillotti, 23 NY3d at 861; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006; hereinafter Guidelines]). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861; see Guidelines at 4, 7).
"[T]he People cannot obtain an upward departure pursuant to the [G]uidelines unless they prove the existence of certain aggravating circumstances by clear and convincing evidence" (People v Gillotti, 23 NY3d at 862). "If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id. at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk [*2]of sexual recidivism" (id.).
Here, the People properly identified the defendant's commission of a separate crime, which ultimately led to his concurrent conviction of attempted assault in the second degree, as an aggravating factor which was "of a kind or to a degree not adequately taken into account by the [G]uidelines" (id.; see People v Ginyard, 161 AD3d 906; People v Amin, 128 AD3d 785, 786; Guidelines at 14). Furthermore, the People were entitled to rely upon the case summary prepared by the Board of Examiners of Sex Offenders to sustain their evidentiary burden of "prov[ing] the existence of [the identified] aggravating circumstances by clear and convincing evidence" (People v Gillotti, 23 NY3d at 862; see People v Francis, 30 NY3d 737, 744; People v Mingo, 12 NY3d 563, 573). The case summary demonstrated that, during the commission of the separate crime, the defendant "struck [an] infant in the face with his hand as she was lying in an infant seat." After striking the infant, the defendant "approached the infant's mother and repeatedly punched her about the face with a closed fist and struck her about the head with a piece of wood with nails protruding from it." The adult "victim sustained a laceration to the face and head which required six staples to close."
Contrary to the defendant's contention, upon determining the existence of these aggravating circumstances, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level one designation to a risk level two designation. The defendant's contention that an upward departure is not warranted because certain allegedly mitigating factors indicate that his risk of reoffense is low is unpreserved for appellate review (see generally People v Morales, 159 AD3d 841, 842; People v Uphael, 140 AD3d 1143, 1145). In any event, the defendant's contention is without merit. Accordingly, under the circumstances, the court providently exercised its discretion in designating the defendant a level two sex offender.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court