People v Williams (2020 NY Slip Op 04797)





People v Williams


2020 NY Slip Op 04797


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-06742

[*1]People of State of New York, respondent,
v
Dionte Williams, appellant.
Janet E. Sabel, New York, NY (Lorraine Maddalo of counsel), for appellant. 


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Suzanne M. Mondo, J.), dated May 9, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court, over the defendant's objections, assessed the defendant 140 points, within the range for a presumptive designation as a level three sex offender. The defendant sought a downward departure from the presumptive risk level to level one, citing as a mitigating factor, inter alia, that the victim's lack of consent was solely due to her inability to consent because of her age. The court granted his application to the extent it designated him a level two sex offender.
On appeal, the defendant challenges the assessment of 30 points under risk factor 9 for having a prior violent felony conviction and 10 points under risk factor 10 for having a prior conviction for a felony that occurred less than three years before the instant offense. The defendant further contends that, if he were not assessed points under these factors, he would be assessed 100 points, within the range for a presumptive designation as a level two sex offender, and that he should be granted a downward departure from that presumptive risk level and be designated a level one sex offender.
We agree with the defendant's contention that the Supreme Court should not have assessed him 30 points under risk factor 9, or 10 points under risk factor 10, based on his February 5, 2009, conviction for attempted robbery in the second degree. That conviction occurred concurrently with, not prior to, the instant offense, which was a continuing course of sexual misconduct that commenced on March 4, 2008, and ended on February 9, 2009 (see SORA: Risk Assessment Guidelines and Commentary at 10, 14 [2006] [hereinafter Guidelines]). Thus, the defendant should have been assessed a total of 100 points, resulting in a presumptive risk level two classification.
However, contrary to the defendant's contention, the mere fact that the Supreme Court granted his application for a downward departure from a presumptive risk level three to a risk level two does not require this Court to grant him a downward departure from a presumptive risk level two to a risk level one. Where the record is sufficient for this Court to make its own findings of fact and conclusions of law, this Court may decide a defendant's application for a downward [*2]departure instead of remitting the matter to the Supreme Court (see People v McKinney, 173 AD3d 1074, 1075). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant met his initial burden by identifying that the victim's lack of consent was due only to her inability to consent by virtue of her age and establishing the facts to support this mitigating factor by a preponderance of the evidence. Yet, when considering the totality of the circumstances, the defendant's concurrent and subsequent offenses must be weighed as an aggravating factor against the defendant's proffered mitigating factor because the concurrent and subsequent offenses have not been taken into account under the Guidelines (see People v Gillotti, 23 NY3d at 861; Guidelines at 14). When considering the totality of the circumstances, the defendant's proffered mitigating factor is not sufficient to warrant a downward departure from a presumptive risk level two to risk level one (see People v McKinney, 173 AD3d at 1075).
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level two sex offender.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court