People v Ciccarello (2020 NY Slip Op 06158)





People v Ciccarello


2020 NY Slip Op 06158


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14691

[*1]People of State of New York, respondent,
v
Carl Ciccarello, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated November 14, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1997, the defendant was convicted, after a jury trial, of rape in the first degree, burglary in the second degree (two counts), criminal contempt in the first degree, criminal contempt in the second degree (nine counts), criminal possession of a weapon in the fourth degree, criminal trespass in the second degree, and harassment in the second degree. He was sentenced to an aggregate determinate term of imprisonment of 25 years. Thereafter, the Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 80 points, which would make him a presumptive level two sex offender. The Board recommended an upward departure to designate the defendant a level three sex offender.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the People sought the assessment of an additional 15 points under risk factor 11, an additional 10 points under risk factor 12, and an additional 10 points under risk factor 13, for a total of 115 points, which would make the defendant a presumptive level three sex offender. Alternatively, the People requested that the upward departure recommended by the Board be granted. The defendant disputed the requested assessment of the additional points and requested a downward departure.
In an order dated November 14, 2018, the County Court assessed the defendant a total of 80 points. However, the court agreed with the Board's recommendation for an upward departure and designated the defendant a level three sex offender. The court also denied the defendant's request for a downward departure. The defendant appeals.
"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting Sex Offender Registration Act: Risk Assessment Guidelines and [*2]Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76). The aggravating factor "must tend to establish a higher likelihood of reoffense or danger to the community," and "the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Wyatt, 89 AD3d 112, 123; see Correction Law § 168-n[3]). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d at 861).
Here, the County Court's determination granting the People's request for an upward departure to risk level three was supported by clear and convincing evidence that aggravating factors existed warranting an upward departure from the defendant's presumptive risk level, including his violation of orders of protection against him in favor of the victim on nine separate occasions in a four-week period prior to the subject offense and on one occasion after his conviction wherein he sent correspondence to the victim while incarcerated, which tended to establish a higher likelihood of reoffense or danger to the community (see People v Scott, 172 AD3d 766, 767). Furthermore, there was clear and convincing evidence that the defendant's concurrent offenses constituted an aggravating factor of a kind, or to a degree, not adequately taken into account by the Guidelines (see id. at 767; People v Diaz, 151 AD3d 891, 891; People v Scales, 134 AD3d 790, 792; People v Amin, 128 AD3d 785, 786).
We also agree with the County Court's determination denying the defendant's request for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d at 861; Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Although advanced age may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, 61 years old, would, in and of itself, reduce his risk of reoffense (see People v Adams, 174 AD3d 828; People v Lewis, 173 AD3d 784; People v Tromba, 157 AD3d 915; People v Munoz, 155 AD3d 1068, 1069). The defendant also failed to show by a preponderance of the evidence that his alleged physical limitations were sufficient to reduce his risk of reoffending since he did not proffer any medical evidence in support of this application (see People v Felton, 175 AD3d 734; People v Benoit, 145 AD3d 687).
The defendant contends that his mother lives locally and will be able to provide housing, and that his three grown children are present and willing to provide support for him. However, he provided no documentary or testimonial evidence of such alleged family support (see People v Blinker, 170 AD3d 1052) and failed to demonstrate how having familial support established a lower likelihood of reoffense or danger to the community (see People v Saintilus, 169 AD3d 838, 839). Moreover, the defendant's participation in and completion of vocational courses while incarcerated is already taken into account in risk factor 13, for which he was not assessed any points (see People v Adams, 174 AD3d at 829-830; People v Rocano-Quintuna, 149 AD3d 1114, 1115).
Accordingly, we agree with the County Court's determination denying the defendant's request for a downward departure and designating the defendant a level three sex offender.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court