People v Council (2020 NY Slip Op 07603)





People v Council


2020 NY Slip Op 07603


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-02093

[*1]People of State of New York, respondent,
v
Gary Council, appellant. Janet E. Sabel, New York, NY (Tomoeh Murakami Tse of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle S. Fenn of counsel; Sade Donald and Dzenela Becic on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Joseph A. Zayas, J.), dated February 1, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2013, the defendant was convicted, upon his plea of guilty, of sex trafficking. After a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court granted an upward departure and designated the defendant a level three sex offender.
"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Ciccarello, 187 AD3d 1224, 1225; People v Shim, 139 AD3d 68, 76). The aggravating factor "must tend to establish a higher likelihood of reoffense or danger to the community," and "the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Wyatt, 89 AD3d 112, 123; see Correction Law § 168-n[3]). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, the People established, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines, particularly, the nature of the sex trafficking acts committed by the defendant, which included holding the then 15-year-old victim against her will for several days, threatening her with violence, and forcing her to engage in prostitution for his financial profit which required her to have sexual intercourse and oral sex with multiple men (see People v Gillotti, 23 NY3d at 861). Accordingly, the Supreme Court providently exercised its discretion in granting an upward departure [*2]from the presumptive level two designation, and we agree with the court's determination to designate the defendant a level three sex offender.
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., BARROS, CONNOLLY, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court