People v Molinaro (2023 NY Slip Op 01203)

People v Molinaro

2023 NY Slip Op 01203

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-08365

[*1]The People of the State of New York, respondent, 
v
Frank Molinaro, appellant. 

Richard L. Herzfeld, New York, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated October 20, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the third degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 70 points, which corresponded with a designation as a presumptive level one sex offender. The court then granted the People's request for an upward departure and designated the defendant a level two sex offender. The defendant appeals.
"A court may exercise its discretion and depart upward from the presumptive risk level where 'it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Gillotti, 23 NY3d 841, 861). "The aggravating factor 'must tend to establish a higher likelihood of reoffense or danger to the community,' and 'the People must prove the facts in support of the aggravating factor by clear and convincing evidence'" (People v Ciccarello, 187 AD3d 1224, 1225, quoting People v Wyatt, 89 AD3d 112, 123). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d at 861).
Here, the Supreme Court's determination granting the People's request for an upward departure to risk level two was supported by clear and convincing evidence that an aggravating factor existed warranting an upward departure from the defendant's presumptive risk level. During the period between the defendant's plea and sentencing, the defendant violated an order of protection in favor of the complainant. Under the circumstances, the court properly determined that the defendant's violation of the order of protection tended to establish a higher likelihood of reoffense or danger to the community (see People v Ciccarello, 187 AD3d at 1226; People v Scott, 172 AD3d 766, 767-768; People v Amorin, 164 AD3d 1483, 1483-1484). Accordingly, the court providently [*2]exercised its discretion in granting the People's request for an upward departure and designating the defendant a level two sex offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court