People v Mandes (2023 NY Slip Op 01695)

People v Mandes

2023 NY Slip Op 01695

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-08592

[*1]The People of the State of New York, respondent, 
v
Jose Mandes, appellant. Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated November 12, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of two counts of course of sexual conduct against a child in the second degree, sexual abuse in the third degree, and three counts of endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 120 points, rendering him a presumptive level three sex offender. The defendant sought a downward departure from the presumptive risk level to level one, or in the alternative, to level two. In support of his application, the defendant offered evidence of numerous mitigating factors, including the support he would receive from his sister upon his release from prison, his conduct while confined, and his reentry plan. The court granted the defendant's application to the extent of designating him a level two sex offender. The defendant appeals, contending that the court should have granted a further downward departure to risk level one.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, considering the totality of the circumstances, including the serious nature of the offenses of which the defendant was convicted, the proffered mitigating factors are not sufficient to warrant a downward departure to risk level one (see e.g. People v Williams, 186 AD3d 883, 884-885; [*2]People v Wyatt, 89 AD3d at 131).
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court