People v Trovato (2023 NY Slip Op 06266)

People v Trovato

2023 NY Slip Op 06266

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
JANICE A. TAYLOR, JJ.

2022-06981

[*1]The People of the State of New York, respondent, 
v
Angelo Trovato, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated July 6, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In April 2006, the defendant communicated online with an undercover law enforcement officer from New Hampshire, who indicated that he was a 14-year-old male. The defendant sent the officer images depicting child pornography in addition to lewd images of himself and arranged to meet with the officer at a hotel to engage in sexual acts. Police executed a search warrant at the hotel and arrested the defendant, who ultimately entered a plea of guilty in Cheshire County, New Hampshire, to four counts of delivery of child pornography (see NH Rev Stat Ann § 649-A:3[I][a]), attempted felonious sexual assault (see id. § 632-A:3), and prohibited uses of computer services (see id. § 649-B:4).
Separately, in February 2006, the defendant began communicating on the Internet with an undercover Federal Bureau of Investigation (hereinafter FBI) agent whom he believed to be a 13-year-old male. The defendant arranged to meet the FBI agent in May 2006, but due to the defendant's arrest in the New Hampshire case, the meeting did not occur. While the defendant was released on bail in the New Hampshire case, he resumed communications with the FBI agent and arranged to meet in person in August 2006. The defendant was arrested when he arrived at the meeting location, and he ultimately entered a plea of guilty in the United States District Court for the District of Massachusetts to travel with intent to engage in illicit sexual conduct (see 18 USC § 2423[b]) and coercion and enticement (see id. § 2422[b]).
After a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed 60 points against the defendant relating to the New Hampshire case and 40 points against the defendant relating to the federal case, making him a presumptive level one sex offender in both cases. In both cases, the court then granted the People's application for an upward departure from the presumptive risk level, denied the defendant's application for a downward departure, and designated the defendant a level three sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in designating him a level three sex offender. "'An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument'" (People v Wilkerson, 214 AD3d 683, 684, quoting People v DeDona, 102 AD3d 58, 68; see People v Burkhardt, 215 AD3d 696; People v Wyatt, 89 AD3d 112, 121). "Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor 'of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines'" (People v Wilkerson, 214 AD3d at 684, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Burkhardt, 215 AD3d at 696; People v Wyatt, 89 AD3d at 123). The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and once this burden is satisfied, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Wilkerson, 214 AD3d at 684; People v DeDona, 102 AD3d at 68; People v Wyatt, 89 AD3d at 123).
Here, the People established by clear and convincing evidence that aggravating factors existed, including the defendant's commission of concurrent sex crimes (see People v Williams, 186 AD3d 883, 884-885; People v Diaz, 151 AD3d 891; People v Scales, 134 AD3d 790, 792; People v Amin, 128 AD3d 785, 786), and "that [the] defendant fully intended to have and planned for sexual contact" with the teenage boys with whom he thought he was communicating in both cases, making the assessment of no points under risk factor 2 an underassessment of the defendant's risk to the public (People v Headwell, 156 AD3d 1263, 1264; see People v DeDona, 102 AD3d at 69).
Additionally, the alleged mitigating factors identified by the defendant do not outweigh the aggravating factors, and considering the totality of the circumstances, the Supreme Court providently exercised its discretion in determining that an upward departure to level three was warranted to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Singleton, 190 AD3d 466, 467; People v Williams, 186 AD3d at 885). Although "advanced age" may constitute an appropriate mitigating factor in certain cases (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 78 years old, constituted an appropriate mitigating factor and would minimize his risk of reoffense, particularly since he committed the subject sexual offenses when he was in his 60s (see People v Thompson, 209 AD3d 1049, 1050; People v Rivas, 185 AD3d 740, 740-741; People v Saintilus, 169 AD3d 838, 839). The defendant also failed to submit any medical evidence showing that his deteriorating health constituted a physical condition that rendered him less likely to commit sex crimes in the future (see People v Rivas, 185 AD3d at 741; cf. People v Stevens, 55 AD3d 892). Further, although an exceptional response to sex offender treatment may constitute a mitigating factor, the defendant failed to demonstrate by a preponderance of the evidence that he had an exceptional response to treatment (see People v Ojeda, 216 AD3d 819, 820; People v Santiago, 137 AD3d 762, 764).
The defendant's contention that he should have been granted a downward departure is without merit.
LASALLE, P.J., CONNOLLY, CHAMBERS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court