People v Arteaga (2025 NY Slip Op 01398)

People v Arteaga

2025 NY Slip Op 01398

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-03574

[*1]The People of the State of New York, respondent,
v
Mateo Arteaga, appellant.

Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Traill of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Westchester County (Robert J. Prisco, J.), dated April 5, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[3]). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, granted the People's application for an upward departure from the defendant's presumptive risk level and designated the defendant a level two sex offender. The defendant appeals.
"Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines. The People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Cortez, 232 AD3d 675, 676 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Burkhardt, 215 AD3d 696, 697). "[O]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v Cortez, 232 AD3d at 676 [internal quotation marks omitted]; see People v Wilkerson, 214 AD3d 683, 684).
Here, the People's application for an upward departure was predicated upon the defendant's commission of acts constituting a concurrent offense with which he was charged but which was not part of his plea of guilty, namely, endangering the welfare of a second child who was not the victim of the crime of which he was convicted. Contrary to the defendant's contention, the County Court properly determined that the People proved the facts in support of this aggravating factor by clear and convincing evidence (see Guidelines at 14; People v Burkhardt, 215 AD3d at 697; People v Ciccarello, 187 AD3d 1224, 1126; People v Diaz, 151 AD3d 891). The defendant's contention that the above-discussed conduct could not form the basis for an upward departure, and, in any event, did not establish that the defendant's presumptive risk level would result in an under-assessment of the defendant's risk of sexual reoffense is unpreserved for appellate review (see [*2]People v Desir, 224 AD3d 707, 707), and we decline to exercise our interest of justice jurisdiction to reach this issue (see id.).
Accordingly, the County Court properly designated the defendant a level two sex offender.
CHAMBERS, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court