People v Rosenbaum (2025 NY Slip Op 01829)

People v Rosenbaum

2025 NY Slip Op 01829

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-03732

[*1]The People of the State of New York, respondent,
v
Moishe Rosenbaum, appellant. Twyla Carter, New York, NY (Steven J. Miraglia of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated May 6, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On October 15, 2017, the defendant was convicted in the Nazareth District Court of Israel, upon his plea of guilty, of indecent act where the victim is less than 16 years old (hereinafter the subject offense). On the same date and under the same indictment, the defendant was convicted of, inter alia, five counts of indecent act, harassment, attempted grievous harm under aggravating circumstances, and threats (hereinafter collectively the additional offenses). The additional offenses arose from multiple incidents that were separate from the subject offense.
Upon the defendant's relocation to New York sometime between 2019 and 2020, and after a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 60 points on the risk assessment instrument, granted the People's application for an upward departure from the defendant's presumptive risk level one designation, and designated the defendant a level two sex offender. The defendant appeals.
An upward departure from the presumptive risk level is permitted only if the court concludes, upon clear and convincing evidence, that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861-862; People v Rodriguez, 196 AD3d 43). "[T]he court is then vested with the discretion to grant the upward departure, but is not obligated to do so. Rather, in consideration of the unique circumstances presented by each case, 'the court must exercise its discretion by weighing the aggravating . . . factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of recidivism'" (People v Rodriguez, 196 AD3d at 49, quoting People v Gillotti, 23 NY3d at 861; see People v Sincerbeaux, 27 NY3d 683, 690; People v Martin, 211 AD3d 757, 757; People v Thurmond, 210 AD3d 1022, 1024).
Here, contrary to the defendant's contention, the Supreme Court properly granted the [*2]People's application for an upward departure. The People presented clear and convincing evidence that the additional offenses, which were sexual in nature and for which the defendant was convicted concurrently with the subject offense, constituted an aggravating factor not adequately taken into account by the Guidelines (see id. at 14; People v Scales, 134 AD3d 790, 792; see also People v Torres, 204 AD3d 1048, 1049; People v Brown, 163 AD3d 727, 728). Further, the court providently exercised its discretion in concluding that the totality of the circumstances warranted an upward departure from the presumptive risk level one designation (see People v Gillotti, 23 NY3d at 861; People v Burkhardt, 215 AD3d 696, 697).
Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level, and the defendant was properly designated a level two sex offender.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court