People v Szeliga (2025 NY Slip Op 07032)

People v Szeliga

2025 NY Slip Op 07032

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
PHILLIP HOM
SUSAN QUIRK, JJ.

2024-13446

[*1]The People of the State of New York, respondent,
v
Tomasz Szeliga, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Anne B. Bianchi, J.), dated November 26, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child (Penal Law § 263.16). In November 2024, the County Court held a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C). The court assessed the defendant 30 points on the risk assessment instrument (hereinafter RAI), constituting a presumptive level one sex offender designation. During the hearing, the People requested an upward departure from the presumptive level to a level two designation, which the court granted. The court designated the defendant a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the County Court providently exercised its discretion in designating him a level two sex offender (see People v Gillotti, 23 NY3d 841, 861). In assessing whether a defendant is assessed an upward or downward departure, "the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (People v Gillotti, 23 NY3d at 861; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "[A]n appropriate aggravating factor is one which tends to establish a higher likelihood of reoffense or danger to the community, and an appropriate mitigating factor is one which tends to establish a lower likelihood of reoffense or danger to the community than the presumptive risk level calculated on the RAI" (People v Wyatt, 89 AD3d 112, 121). "Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor 'of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines'" (People v Wilkerson, 214 AD3d 683, 684, quoting Guidelines at 4; see People v Gillotti, 23 NY3d at 861). The People must prove the facts in support of an aggravating factor by clear and convincing evidence, and once this burden is satisfied, "the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Wilkerson, 214 AD3d at 684).
Here, the People established, by clear and convincing evidence, that aggravating factors existed such that an upward departure was warranted, including the defendant's commission of concurrent sex crimes (see People v Trovato, 222 AD3d 673, 675; People v Scales, 134 AD3d 790, 792).
Accordingly, the County Court properly designated the defendant a level two sex offender.
The defendant's remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court