People v McGeoch (2026 NY Slip Op 00546)

People v McGeoch

2026 NY Slip Op 00546

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

535699
[*1]The People of the State of New York, Respondent,
vJonathan McGeoch, Appellant.

Calendar Date:January 13, 2026

Before:Aarons, J.P., Pritzker, Ceresia, Powers and Mackey, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Pritzker, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered March 28, 2022, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant pleaded guilty to the federal charge of enticement of minors to engage in sexual activity and was sentenced to a prison term of 151 months, to be followed by 20 years of supervised release. The charges stemmed from defendant's communication over the Internet with a 15-year-old male victim and another victim — who defendant believed to be a 13-year-old male [FN1] — with whom he made arrangements to take on a camping trip with him and his four-year-old son with the understanding that he planned to engage in sexual conduct with the victims while his son slept; however, defendant was apprehended by law enforcement when he arrived at the location where he arranged to meet the victims.
Prior to defendant's anticipated release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) that presumptively classified defendant as a risk level one sex offender (60 points) pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) and sought an upward departure to a risk level two classification, with which assessment the People agreed. At the ensuing hearing, defendant did not contest the points assessment but opposed the request for an upward departure. County Court, among other things, accepted the People's points assessment, granted their request for an upward departure and classified defendant as a risk level two sex offender. Defendant appeals.
We are unpersuaded by defendant's contention that County Court erred in granting the People's request for an upward departure to a risk level two sex offender classification. "An upward departure from a presumptive risk level classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence" (People v Norris, 223 AD3d 1060, 1061 [3d Dept 2024] [internal quotation marks and citations omitted]; accord People v Newkirk, 241 AD3d 1683, 1685 [3d Dept 2025]). "An aggravating factor, in turn, is one which tends to establish a higher likelihood of reoffense or danger to the community than the presumptive risk level calculated on the RAI" (People v Furgeson, 230 AD3d 1488, 1489 [3d Dept 2024] [internal quotation marks and citations omitted]; accord People v Newkirk, 241 AD3d at 1685). "Upon such a showing, the court makes a discretionary determination whether the overall circumstances warrant a departure to prevent an underassessment of the offender's risk of sexual recidivism and dangerousness" (People v Norris, 223 AD3d at 1061 [internal quotation marks and citations omitted]).
In granting the upward departure, County Court relied upon various aggravating factors presented by the People[*2], including defendant's conduct reflecting his intent to have sexual contact with the victims. To that end, defendant drove to the location where he arranged to pick the victims up for the camping trip, at which point he was apprehended by law enforcement. At the time defendant was taken into custody, he admitted to taking steps to prepare for the detailed oral and anal sexual acts he planned with the victims, including grooming his genitals and shopping for lubricants and condoms. Such conduct demonstrated defendant's intent to engage in sexual conduct with the victims — which was only thwarted by law enforcement intervention — and, as such, the assessment of points on the RAI does not adequately reflect the risk to public safety (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9 [2006]).
Furthermore, the People presented proof that defendant admitted that, for four or five years, he used Internet communication to successfully persuade numerous boys between the ages of 11 and 14 to send him sexually explicit photographs of themselves, which pictures defendant saved in his email account. In addition, evidence established that defendant, who acknowledged his sexual interest in young boys just hitting puberty, conducted Internet searches for, possessed and disseminated child pornography.[FN2] Notably, defendant was charged with state criminal conduct related to the pornographic photographs; however, those charges were dismissed in favor of federal prosecution. Notwithstanding defendant's assertion that an upward departure is outweighed by, among other things, the fact that he is under prolonged federal supervision, that he has secured employment and has a supportive family, we are satisfied that County Court did not abuse its discretion in finding that the People met their burden of establishing by clear and convincing evidence that aggravating factors exist that were not taken in to account by the RAI so as to warrant an upward departure from the presumptive risk level one to a risk level two sex offender classification (see People v Trovato, 222 AD3d 673, 675 [2d Dept 2023], lv denied 42 NY3d 913 [2025]; People v Headwell, 156 AD3d 1263, 1264 [3d Dept 2017], lv denied 31 NY3d 902 [2018]).
Aarons, J.P., Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Upon the mother of the 15-year-old victim reporting to law enforcement inappropriate messages on the victim's Facebook account, law enforcement, with the mother's consent, took over the Facebook account. Law enforcement, posing as the 15-year-old victim, continued to communicate with defendant and eventually introduced defendant to a fictious 13-year-old friend — the second victim — whom defendant also had sexually inappropriate communication with and included in the camping plans.

Footnote 2: Nine victims depicted in the pornographic pictures were identified, with one family submitting a victim impact statement herein.