People v Washington (2020 NY Slip Op 04884)





People v Washington


2020 NY Slip Op 04884


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2019-08354

[*1]People of State of New York, respondent,
v
Eri Washington, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated May 23, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"A court may exercise its discretion and depart upward from the presumptive risk level where it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines'" (People v Richardson, 101 AD3d 837, 838, quoting SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see Sex Offender Registration Act [Correction Law article 6-C]). The aggravating factor "must tend to establish a higher likelihood of reoffense or danger to the community," and "the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Wyatt, 89 AD3d 112, 123; see Correction Law § 168-n[3]). "When the People have met this burden, the court must then exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d 841, 861).
Here, the People established, by clear and convincing evidence, that the brutal and severe nature of the defendant's conduct toward the complainant was an aggravating factor warranting an upward departure from the defendant's presumptive risk level (see People v Maldonado, 127 AD3d 714, 715). Contrary to the defendant's contention, he failed to establish a mitigating factor that would weigh against granting an upward departure (see People v Gillotti, 23 NY3d at 861; People v Paul, 168 AD3d at 1005). Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level two sex offender.
AUSTIN, J.P., MILLER, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court