People v Guallpa-Lema (2020 NY Slip Op 06819)





People v Guallpa-Lema


2020 NY Slip Op 06819


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-06783

[*1]People of State of New York, respondent,
v
Kevin Guallpa-Lema, appellant. James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.


Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), entered June 3, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
After a hearing on May 17, 2019, the defendant was designated a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), based on his conviction, upon a plea of guilty, of rape in the third degree (Penal Law § 130.25[3]).
In establishing an offender's appropriate risk level assessment under SORA, the People bear "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Wyatt, 89 AD3d 112, 117-118; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 573).
We agree with the County Court's designation of the defendant as a level two sex offender. Contrary to the defendant's contentions, the court properly assessed points against the defendant under risk factors 4, 6, and 8. The People demonstrated by clear and convincing evidence, which included the defendant's statements in the presentence report (hereinafter PSR), a case summary prepared by the Board, and a transcript of the testimony of the investigating detective during a preliminary hearing in the underlying criminal proceeding, that points were properly assessed under risk factor 4 because the evidence indicated that the defendant engaged in a continuing course of sexual contact with the victim (see People v Lucius, 122 AD3d 819, 819; People v McPherson, 114 AD3d 653, 653). The court also properly assessed points under risk factor 6 since the PSR and case summary indicated that the 11-year-old victim was sleeping when the sexual misconduct took place and therefore was physically helpless (see People v Morrison, 156 AD3d 831, 831). Moreover, the court properly assessed points under risk factor 8 because the [*2]defendant was less than 20 years old when he engaged in his first sex crime (see Guidelines at 13; People v Quinn, 99 AD3d 776, 776).
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court