People v Smith (2020 NY Slip Op 07929)





People v Smith


2020 NY Slip Op 07929


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-09732

[*1]People of State of New York, respondent,
v
Jason Smith, appellant. Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Keerthana Nunna on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (William M. Harrington, J.), dated July 29, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a risk assessment hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court granted the People's application for an upward departure from the presumptive risk level two to risk level three.
"'A court may exercise its discretion and depart upward from the presumptive risk level where it concludes that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] [G]uidelines'" (People v Washington, 186 AD3d 1275, 1276, quoting People v Richardson, 101 AD3d 837, 838; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "The aggravating factor 'must tend to establish a higher likelihood of reoffense or danger to the community,' and 'the People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Washington, 186 AD3d at 1276, quoting People v Wyatt, 89 AD3d 112, 123; see Correction Law § 168-n[3]). "When the People have met this burden, the court must then 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Paul, 168 AD3d 1004, 1005, quoting People v Gillotti, 23 NY3d 841, 861).
Here, the Supreme Court should not have relied upon the defendant's perceived lack of control over his impulsive sexual behavior as a basis for granting the People's application for an upward departure (see People v Chandler, 48 AD3d 770, 772). The record reveals that there was no clinical assessment presented at the SORA hearing that found that the defendant had a psychological, physical, or organic abnormality that decreased his ability to control such behavior (see id.; People v Kraus, 45 AD3d 826, 827).
Nevertheless, we agree with the Supreme Court's determination granting the People's [*2]application for an upward departure, but do so on an alternate ground. The People presented clear and convincing evidence of aggravating circumstances of a kind or to a degree not adequately taken into account by the Guidelines, namely, the defendant's escalating sexual misconduct, including the defendant's subsequent criminal conduct following the underlying sex offense (see People v Smith, 168 AD3d 1006, 1007; People v Amorin, 164 AD3d 1483, 1483-1484; People v Ragabi, 150 AD3d 1161, 1161-1162). Upon determining the existence of these aggravating factors, the court providently exercised its discretion in granting the application (see People v Smith, 168 AD3d at 1007).
DILLON, J.P., CHAMBERS, AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court