People v Belle (2021 NY Slip Op 02425)





People v Belle


2021 NY Slip Op 02425


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2020-05217

[*1]People of State of New York, respondent,
v
Andrew R. Belle, appellant.


Proto, Sachs & Brown, LLP, White Plains, NY (Jennifer Spencer of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 26, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
"A court determining a defendant's risk level under the Sex Offender Registration Act (hereinafter SORA) may not downwardly depart from the presumptive risk level unless the defendant first identifies and proves by a preponderance of the evidence the facts in support of 'a mitigating factor of a kind, or to a degree, that is not otherwise adequately taken into account by the SORA Guidelines'" (People v Warren, 152 AD3d 551, 551, quoting People v Lathan, 129 AD3d 686, 687; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). Only if this showing is made does the SORA court have the "discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (People v Wyatt, 89 AD3d at 128; see People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Kohout, 145 AD3d 922).
Contrary to the defendant's contention, he failed to sustain his burden of proof in support of his application for a downward departure. Although an offender's response to treatment if exceptional can be the basis for a downward departure (see Guidelines at 17; People v Hawthorne, 158 AD3d 651, 653-654; People v Washington, 84 AD3d 910, 911), the evidence submitted by the defendant at the hearing failed to demonstrate by a preponderance of the evidence that his response to sex offender treatment was exceptional.
An aggravating factor that may support an upward departure from an offender's presumptive risk level "is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level" calculated on the risk assessment instrument (People v Wyatt, 89 AD3d at 121; see People v Gillotti, 23 NY3d at 861). When the People seek an upward departure, "they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk [*2]assessment instrument, and prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Ragabi, 150 AD3d 1161, 1161; see People v Gillotti, 23 NY3d at 861). "Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment instrument has resulted in an underassessment of the offender's actual risk to the public" (People v Ragabi, 150 AD3d at 1161; see People v Gillotti, 23 NY3d at 861; People v DeDona, 102 AD3d 58, 68; People v Wyatt, 89 AD3d at 123).
Here, the People established, by clear and convincing evidence, that the brutal and violent nature of the defendant's conduct toward the complainant was an aggravating factor warranting an upward departure from the defendant's presumptive risk level (see People v Washington, 186 AD3d 1275; People v Fuentes, 177 AD3d 788; People v Maldonado, 127 AD3d 714; People v Suber, 91 AD3d 619, 620). Additionally, the People presented clear and convincing evidence that the defendant's concurrent convictions of assault in the second degree and criminal obstruction of breathing or blood circulation constituted an aggravating factor not adequately taken into account by the Guidelines (see Guidelines at 13-14; People v Scott, 172 AD3d 766, 767; People v Diaz, 151 AD3d 891; People v Scales, 134 AD3d 790, 792; People v Amin, 128 AD3d 785).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure, granted the People's application for an upward departure, and designated the defendant a level three sex offender.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court