People v Green (2021 NY Slip Op 03620)





People v Green


2021 NY Slip Op 03620


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13937

[*1]The People of the State of New York, respondent,
v
Donnell Green, appellant. Janet E. Sabel, New York, NY (Simon Greenberg of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny Chun, J.), dated October 17, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sex trafficking, in full satisfaction of a multi-count indictment. He was sentenced to an indeterminate term of imprisonment of 3&frac23; to 11 years. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was designated a level three sex offender based on the assessment of 135 points on the risk assessment instrument. On appeal, the defendant challenges the assessment of points under risk factors 2 and 4, and the Supreme Court's denial of his application for a downward departure from the presumptive risk level.
As a threshold matter, the Supreme Court failed, in its assessment of points, to comply with Correction Law § 168-n(3), "[which] requires a court making a risk level determination . . . to 'render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based'" (People v Porciello, _____ AD3d _____, _____, 2021 NY Slip Op 02428, *1 [2d Dept], quoting Correction Law § 168-n[3]). "Nevertheless, remittal is not
necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law" ( _____ AD3d _____, ____, 2021 NY Slip Op 02428, *1).
Here, the defendant's contentions that he was improperly assessed points under risk factors 2 and 4 are unpreserved for appellate review, since he did not oppose the People's request for the assessment of those points at the SORA hearing (see People v Hannah, 170 AD3d 1053, 1054; People v Rosales, 133 AD3d 733). In any event, those contentions are without merit. The Supreme Court properly assessed points under risk factors 2 and 4, as the People established by clear and convincing evidence, in the form of the case summary prepared by the Board of Examiners of Sex Offenders, that the defendant had engaged in sexual intercourse with at least one of the victims on more than one occasion (see People v Lopez, 192 AD3d 1050; People v Guallpa-Lema, 188 AD3d 1108). Moreover, the defendant never refuted the statements contained in the case summary and, as such, they provided an evidentiary basis for the assessment of such points (see People v Diaz, 34 NY3d 1179; People v Mingo, 12 NY3d 563). The defendant's contention that he was deprived [*2]of the effective assistance of counsel at the SORA hearing because his attorney failed to challenge the assessment of points under risk factors 2 and 4 is without merit. The defendant's argument is wholly conclusory as he fails to demonstrate the absence of a strategic or other legitimate explanation for counsel's failure to challenge the assessment of points under these risk factors (see People v Carman, _____ AD3d _____, 2021 NY Slip Op 02834 [2d Dept]). Moreover, counsel is not ineffective for failing to advance an argument that had little or no chance of success (see People v Caban, 5 NY3d 143, 152; People v Moore, 66 AD3d 707, 711, affd 15 NY3d 811).
The Supreme Court also properly denied the defendant's application for a downward departure from the presumptive risk level three to a risk level two. "'An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the [SORA Guidelines], and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Berdejo, 192 AD3d 923, 924, quoting People v Curry, 158 AD3d 52, 58; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "Only if this showing is made does the SORA court have the 'discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community'" (People v Belle, _____ AD3d _____, _____, 2021 NY Slip Op 02425, *1 [2d Dept], quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861).
An offender's response to sex offender treatment, if exceptional, can qualify as a mitigating factor (see Guidelines at 17). Here, the defendant contends that his response to sex offender treatment was exceptional and thus, warrants a downward departure to a risk level two. However, although the defendant submitted evidence showing that he completed sex offender treatment and received complimentary feedback for his participation and progress, he failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Belle, _____ AD3d _____, 2021 NY Slip Op 02425; People v Colon, 186 AD3d 1730, 1732; People v Hawthorne, 158 AD3d 651, 653-654).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court