People v Lezama (2021 NY Slip Op 06202)





People v Lezama


2021 NY Slip Op 06202


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-09737

[*1]The People of the State of New York, respondent,
v
Bruce Lezama, appellant.


Janet E. Sabel, New York, NY (Jose David Rodriguez Gonzalez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated July 17, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court's assessment of 20 points against the defendant under risk factor 7 (relationship with the victim) (see Sexual Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006]) was supported by clear and convincing evidence (see People v Lopez, 192 AD3d 1050, 1050-1051). The evidence before the court, which included the transcript of the victim's grand jury testimony as well as the defendant's written statement, demonstrated that the defendant was a "stranger" to the victim within the meaning of the Sex Offender Registration Act (Correction Law art 6-C) (see People v Dolan, 188 AD3d 729; People v Serrano, 61 AD3d 946, 947; People v Mack, 17 AD3d 433).
The Supreme Court providently exercised its discretion in granting the People's application, upon the recommendation of the Board of Examiners of Sex Offenders (hereinafter the Board), for an upward departure from the presumptive risk level two designation to a risk level three. The People demonstrated, by clear and convincing evidence, the existence of an aggravating factor not adequately taken into account by the Board's Risk Assessment Instrument (hereinafter RAI) (see People v Gillotti, 23 NY3d 841, 861; People v Smith, 189 AD3d 1478; People v Santos, 160 AD3d 673; People v Jackson, 139 AD3d 1031, 1032). The People established that the defendant had committed two sexually violent felonies within nine months of one another prior to his incarceration—the acts underlying the convictions upon which the RAI was based, which acts took place in September 1999, and the acts underlying a subsequent conviction for rape in the first degree, which acts took place in June 2000. The acts which took place in June 2000 were not accounted for in the RAI, and the court providently exercised its discretion in determining that an upward departure to a risk level three was warranted (see People v Smith, 189 AD3d at 1479; People v Murgo, 185 AD3d 974; People v Fuentes, 177 AD3d 788). Contrary to the defendant's contention, the court did not fail to sufficiently consider certain mitigating factors in arriving at its determination.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court