People v Davis (2021 NY Slip Op 06638)





People v Davis


2021 NY Slip Op 06638


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-07042

[*1]The People of the State of New York, respondent,
v
Kevin Davis, appellant.


Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel; Andrew Sgarro on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated June 12, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 11. The People presented clear and convincing evidence of the defendant's history of drug and alcohol abuse (see People v Padgett, 170 AD3d 1054; People v Aldarondo, 136 AD3d 770, 770-771; People v Zavala, 114 AD3d 653, 654).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant contends that his age and alleged exceptional response to treatment constituted mitigating factors warranting a downward departure from the presumptive risk level. The defendant, who committed the offenses when he was in his early forties, failed to demonstrate that [*2]his age at the time of the SORA determination, 59 years old, resulted in an overassessment of his risk to public safety (see People v Bigelow, 175 AD3d 1443, 1444; People v Wallason, 169 AD3d 728, 729). Although a response to treatment, when "exceptional," may qualify as a mitigating factor to be considered (Guidelines at 17; see People v Washington, 84 AD3d 910, 911), here, the defendant failed to establish, by a preponderance of the evidence, that his response to treatment was exceptional (see People v Lopez, 193 AD3d 992, 993; People v Belle, 193 AD3d 989, 990; People v Ralph, 170 AD3d 900, 901-902). Nor did the defendant present evidence demonstrating how the remaining factors he identified, even if proven, would have established a lower likelihood of reoffense or danger to the community (see People v Thorpe, 186 AD3d 629, 630).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex offender.
MASTRO, J.P., HINDS-RADIX, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court