People v Hernandez (2022 NY Slip Op 02568)

People v Hernandez

2022 NY Slip Op 02568

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2021-01151

[*1]The People of the State of New York, respondent,
v
Eduardo Hernandez, appellant. 

Thomas E. Walsh II, District Attorney, New City, NY (Renada N. Lewis of counsel), for respondent.
James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated December 24, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In August 2004, the defendant was convicted, upon his plea of guilty, of rape in the first degree and kidnapping in the second degree. In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, assessed the defendant 95 points, resulting in a presumptive risk level two designation, granted the People's request for an upward departure from the presumptive risk level, and designated the defendant a level three sex offender.
Correction Law § 168-n(3) requires a court making a risk level determination to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Green, 195 AD3d 754; People v Porciello, 193 AD3d 993). Here, the County Court failed to adequately set forth findings of fact and conclusions of law to support its determination to grant the People's request for an upward departure from the presumptive risk level. Nevertheless, remittal is not necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Porciello, 193 AD3d at 993-994).
An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; see People v Gillotti, 23 NY3d 841, 861). Here, the People established, by clear and convincing evidence, that the defendant's subsequent conviction of kidnapping in the second degree for an offense that he committed in 2002 constituted an aggravating factor of a kind, or to a degree, not adequately taken into account by the Guidelines (see People v Ciccarello, 187 AD3d 1224). Moreover, an upward departure was warranted in light of the totality of the circumstances (see People v Gillotti, 23 NY3d at 861).
Accordingly, we affirm the order.
BARROS, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court