People v Peaks (2022 NY Slip Op 04312)

People v Peaks

2022 NY Slip Op 04312

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2020-09548

[*1]The People of the State of New York, respondent,
v
Andrew Peaks, appellant. Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Nicole Leibow of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered December 14, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 135 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant contends that his family and community support system, conduct while incarcerated, acceptance of responsibility, and response to treatment programs constituted mitigating factors warranting a downward departure from the presumptive risk level.
While the defendant submitted letters from members of his family and community, who all attested to his character and growth, the defendant failed to demonstrate how such support established a lower likelihood of reoffense or danger to the community (see People v Taylor, 199 AD3d 845, 846; People v Felton, 175 AD3d 734, 735; People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d 838, 839). Moreover, although a response to treatment may qualify [*2]as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Washington, 84 AD3d 910, 911), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Smith, 194 AD3d 767, 768; People v Lopez, 193 AD3d 992, 992-993; People v Belle, 193 AD3d 989, 990; People v Ralph, 170 AD3d 900, 902). Nor did the defendant present evidence demonstrating how the remaining factors he identified, even if proven, would have established a lower likelihood of reoffense or danger to the community (see People v Adams, 174 AD3d 828, 829; People v Daley, 164 AD3d 931, 932; People v Moultrie, 147 AD3d 800, 801; People v Santiago, 137 AD3d 762, 764). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level.
DUFFY, J.P., BRATHWAITE NELSON, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court