People v Jackson (2022 NY Slip Op 05870)

People v Jackson

2022 NY Slip Op 05870

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04835

[*1]People of State of New York, respondent,
v
Gyasi Jackson, appellant. Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated June 2, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted criminal sexual act in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the Supreme Court granted the People's application, upon the recommendation of the Board of Examiners of Sex Offenders, for an upward departure from the defendant's presumptive risk level one designation, the court designated the defendant a level two sex offender.
"An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument" (People v DeDona, 102 AD3d 58, 68 [internal quotation marks omitted]; see People v Wyatt, 89 AD3d 112, 121). Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor "of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter the Guidelines]; see People v Gillotti, 23 NY3d 841, 861; People v Shim, 139 AD3d 68, 76; People v Wyatt, 89 AD3d at 123). The People must prove the facts in support of the aggravating factor by clear and convincing evidence, and "[o]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v DeDona, 102 AD3d at 68; see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d at 123).
Here, the Supreme Court properly granted the People's application for an upward departure from the presumptive risk level. The People established, by clear and convincing evidence, that the defendant's subsequent conviction of a similar sex crime, committed four months after the present offense, constituted an aggravating factor of a kind, or to a degree, not adequately taken into account by the Guidelines (see People v Hernandez, 204 AD3d 946, 946-947; People v [*2]Lezama, 199 AD3d 843, 844). Further, the court providently exercised its discretion in weighing the aggravating factor and determining that the totality of the circumstances warranted an upward departure from the presumptive level one designation (see People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
CONNOLLY, J.P., IANNACCI, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court