People v Radley (2023 NY Slip Op 03251)

People v Radley

2023 NY Slip Op 03251

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2020-08781

[*1]The People of the State of New York, respondent,
v
Zamor Radley, also known as Radley Zamor, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel; Mark Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated November 4, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court, following a hearing, assessed the defendant 85 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly assessed 15 points under risk factor 11. The People presented clear and convincing evidence of the defendant's history of drug and alcohol abuse (see People v Davis, 199 AD3d 1030; People v Aldarondo, 136 AD3d 770, 770-771).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861). Here, the defendant failed to establish the existence of an appropriate mitigating factor that would establish a lower likelihood of reoffense or danger to the community (see People v Alvarado, 173 AD3d 909, 910; People v Ray, 124 AD3d 452).
Accordingly, the Supreme Court properly denied the defendant's request for a [*2]downward departure and designated him a level two sex offender.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court