People v Heskey (2023 NY Slip Op 05412)

People v Heskey

2023 NY Slip Op 05412

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2022-09976

[*1]People of State of New York, respondent, 
v
Elvin Heskey, appellant. 

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Jonathan E. Maseng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated November 30, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2016, the defendant was convicted in the United States District Court for the Southern District of New York, upon his plea of guilty, of transportation of child pornography (see 18 USC § 2252A[a][1]), receipt and distribution of child pornography (see id. § 2252A[a][2][B]; [b][1]), and possession of child pornography (see id. § 2252A[a][5][B]; [b][2]). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level three sex offender based upon the assessment of 120 points.
The defendant's contention that he is entitled to a downward departure from the presumptive risk level based upon purported mitigating factors is unpreserved for appellate review, as he failed to request a downward departure at the SORA hearing (see People v Howell, 213 AD3d 708, 709; People v Jackson, 209 AD3d 881, 882). In any event, contrary to the defendant's contention, he failed to establish his entitlement to a downward departure (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112).
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court