People v Sanchez (2024 NY Slip Op 04987)

People v Sanchez

2024 NY Slip Op 04987

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-06314

[*1]The People of the State of New York, respondent,
v
Carlos O. Sanchez, appellant. 

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated June 28, 2022. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]), and sentenced to a determinate term of imprisonment of 5 years to be followed by 10 years of postrelease supervision. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 85 points on the risk assessment instrument and designated him a level two sex offender. The defendant appeals, challenging the assessment of points under risk factor 11 (drug or alcohol abuse) and the denial of his application for a downward departure.
Contrary to the defendant's contention, the County Court properly assessed him 15 points under risk factor 11 based on his history of alcohol abuse. The People met their burden as to risk factor 11 through evidence that the defendant was convicted in 2017 of aggravated driving while intoxicated for which he was required to participate in an outpatient substance abuse treatment program, and that the defendant scored in the "alcoholic" range on the Michigan Alcohol Screening Test, was referred to alcohol abuse treatment while in prison for the underlying offense, reported during that program that he first used alcohol at age 16 and would drink to the point of intoxication, and was ultimately given the diagnostic impression of "Alcohol Dependence-Severe" (see People v Davis, 199 AD3d 1030, 1031; People v Adkinson, 175 AD3d 612; People v Zavala, 114 AD3d 653, 654; People v Mendez, 79 AD3d 834, 835). Further, the court did not improvidently exercise its discretion in assessing points under this risk factor despite the defendant's abstinence from alcohol during his incarceration (see People v Davis, 199 AD3d at 1031; People v Adkinson, 175 AD3d 612).
The County Court properly denied the defendant's application for a downward departure from his presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account [*2]by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d 775, 776, quoting People v Sofo, 168 AD3d 891, 891-892). Here, the defendant failed to establish that a downward departure based on his completion of alcohol abuse treatment programs was warranted. While a defendant's response to treatment programs may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17), the defendant failed to demonstrate that his response to alcohol abuse treatment was exceptional (see People v Samuels, 199 AD3d 1034, 1037; People v Lyons, 199 AD3d 722, 724).
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court