People v Cortez (2024 NY Slip Op 05558)

People v Cortez

2024 NY Slip Op 05558

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-03881

[*1]The People of the State of New York, respondent, 
v
Augusto Cortez, appellant.

Laurette D. Mulry, Riverhead, NY (Mark. J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 13, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court, after a hearing, granted the People's application for an upward departure from the defendant's presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.
"Where the People seek an upward departure, they must demonstrate that there exists an aggravating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [G]uidelines. The People must prove the facts in support of the aggravating factor by clear and convincing evidence" (People v Burkhardt, 215 AD3d 696, 697 [citations and internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "[O]nce this burden is satisfied, the SORA court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the risk assessment has resulted in an under-assessment of the offender's actual risk to the public" (People v Wilkerson, 214 AD3d 683, 684 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d at 861).
In this case, the People met their burden of demonstrating that there existed an aggravating factor that was otherwise not adequately taken into account by the Guidelines and of proving the facts in support of the aggravating factor by clear and convincing evidence (see People v Maurer, 220 AD3d 1061, 1062; People v Curry, 208 AD3d 1560, 1562; People v Hernandez, 180 AD3d 947, 948; see also People v Smith, 189 AD3d 1478, 1479; People v Smith, 168 AD3d 1006, 1007). On determining the existence of an aggravating factor, the County Court providently exercised its discretion in granting the People's application for an upward departure (see People v Smith, 189 AD3d at 1479; People v Smith, 168 AD3d at 1007).
The defendant's contention that he is entitled to a downward departure is unpreserved for appellate review because he failed to request a downward departure at the SORA hearing (see CPL 470.05[2]; People v Heskey, 220 AD3d 955, 956). In any event, his contention is without merit (see People v Hammack, 225 AD3d 795, 796).
Accordingly, the County Court properly designated the defendant a level three sex offender.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court