People v Perez
2026 NY Slip Op 03462
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent
v
Eliseo Perez, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2025-10842
Cheryl E. Chambers, J.P.
Linda Christopher
Helen Voutsinas
Phillip Hom, JJ.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, New City, NY (Kerianne Morrissey of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated July 31, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2023, the defendant was convicted, upon his plea of guilty, of rape in the third degree in violation of Penal Law § 130.25(5). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant a total of 75 points on the risk assessment instrument and designated him a level two sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence (see People v Colon, 235 AD3d 665, 666). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders, or any other reliable source including reliable hearsay (see Correction Law § 168-d; People v Mingo, 12 NY3d 563, 573; People v Portillo-Perez, 242 AD3d 1232, 1233). Foundation testimony is unnecessary to establish the admissibility of case summaries (see People v Portillo-Perez, 242 AD3d at 1233).
Contrary to the defendant's contention, the County Court properly assessed 10 points for risk factor 1 (use of violence, used forcible compulsion) because the People established by clear and convincing evidence, including the complainant's statements recorded in the police incident report and felony complaint, that the defendant used forcible compulsion in the instant offense (see People v Zarifa, 237 AD3d 1113, 1114).
The County Court also properly assessed 25 points under risk factor 2 (sexual contact with victim, sexual intercourse, oral sexual conduct, anal sexual conduct, or aggravated sexual abuse), since oral sexual contact with the victim was an essential element of the crime to which the defendant pleaded guilty (see Penal Law § 130.25[5]; People v Minkeson, 244 AD3d 1144, 1145).
The County Court also properly assessed 20 points under risk factor 4 (duration of offense, continuing course of sexual misconduct) and 20 points under risk factor 5 (age of victim, 11 through 16), as the People established by clear and convincing evidence, including the case summary, the police incident report, and the presentence investigation report that the defendant engaged in three or more acts of sexual contact over a period of at least two weeks, while the complainant was between the ages of 13 and 14 (see see People v Mizrahi, 237 AD3d 980, 981; People v Canales, 217 AD3d 785, 785).
Finally, the defendant's contention that he is entitled to a downward departure from the presumptive risk level based upon purported mitigating factors is unpreserved for appellate review, as he failed to request a downward departure at the SORA hearing (see People v Heskey, 220 AD3d 955, 956). In any event, the defendant failed to establish his entitlement to a downward departure (see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112).
CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court